David J. McGlothlin, Esq. (SBN: 253265)
david@westcoastlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85024
(602) 265-3332
(602) 230-4482

Attorneys for Plaintiff
Steven Reynolds

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| Steven Reynolds | Case No: _____ |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | **Jury Trial Demanded** |
| The Law Office of Tanis A. Duncan | |
| Defendant. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

1. collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Steven Reynolds, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of The Law Office of Tanis A. Duncan, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Arizona.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

### JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

9. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

11. The actions giving rise to this lawsuit primarily occurred in Mohave County in the State of Arizona.

12. At all times relevant, Defendant conducted business within the State of Arizona.

## PARTIES

13. Plaintiff is a natural person who resides in the City of Albany, State of Oregon.

14. Defendant is located in the City of Tucson, in the State of Arizona.

15. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

17. Sometime before June 24, 2011, Plaintiff is alleged to have incurred certain financial obligations.

18. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

19. Sometime thereafter, but before June 24, 2011, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff disputes the amount of the alleged debt.

20. Subsequently, but before June 24, 2011, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

21. On or about June 24, 2011, Defendant mailed a dunning letter to Plaintiff.

22. On or about July 12, 2011, Plaintiff received that letter.

23. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

24. Upon receiving the dunning letter, Plaintiff immediately called Defendant to discuss the alleged debt, and the amount Defendant was claiming was owed and possibly work out a settlement.

25. Plaintiff was unsuccessful in working out a settlement on the alleged debt.

26. Subsequently, but within the thirty-day period described in 15 U.S.C. § 1692(a), Plaintiff notified Defendant in writing, that this alleged debt, or some portion of it, was disputed.

27. Defendant never responded to Plaintiff's written dispute in any manner.

28. On or about April 2, 2012, Defendant filed a lawsuit against Plaintiff in the Lake Havasu Consolidated Justice Courts - Mohave County, Arizona, case number JCV-2012-00669.

29. In pleadings filed in the state court collection case, Defendant admitted to not providing written verification before filing the lawsuit.

30. To date, Defendant has not provided proper written verification or validation of the alleged debt to Plaintiff.

31. The filing of the state court lawsuit was an attempt to collect the debt before validating the debt, as required pursuant to 15 U.S.C. § 1692g(b), Defendant violated 15 U.S.C. § 1692g.

32. The continued collection activity by Defendant was an attempt to collect the debt before validating the debt, as required pursuant to 15 U.S.C. § 1692g(b), Defendant violated 15 U.S.C. § 1692g.

33. In the state court pleadings Defendant falsely claimed to have had a conversation with Plaintiff where Defendant allegedly verbally verified and validated Plaintiff's dispute.

34. After Plaintiff disputed the alleged debt in writing Plaintiff did not have any conversation with Defendant regarding his dispute of the alleged debt.

35. Defendant's statement was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

36. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

37. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

38. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

39. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: April 12, 2013                         By: */s/ David J. McGlothlin*
                                             David J. McGlothlin
                                             Attorneys for Plaintiff